# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ABBOTT LABORATORIES SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION** | **Case No. 1:25-cv-12714** |
| | **MDL No. 3194** |
| This Document Relates to All Cases | Hon. Lindsay C. Jenkins |

**PLAINTIFFS' STATUS REPORT FOR THE**
**NOVEMBER 12, 2026 STATUS CONFERENCE**

Counsel for Plaintiffs provide this Status Report in advance of the status conference scheduled for November 12, 2026, before the Honorable Lindsay C. Jenkins.

## I. Coordination Of Plaintiffs' Counsel

Since the entry of this Court's Case Management Order No. 1 ("CMO 1") (Docket No. 71), Plaintiffs' Counsel with filed cases in this MDL have conferred and agreed on how to move this litigation forward. Consistent with the Court's direction that Plaintiffs with similar interests attempt to agree on counsel to speak on their joint behalf at the initial hearing (CMO 1 ¶ 6(a)), Plaintiffs' Counsel provide the Court with this Report to inform the Court of the progress that has been made since the entry of CMO 1 and to enhance efficiency of the November 12 conference. Plaintiffs' Counsel who are signatories to this Report are counsel of record in all 37 cases that have been transferred to this MDL, and all Plaintiffs' Counsel have agreed to a select discrete number of attorneys to speak at the Status Conference to represent the interests of all Plaintiffs.

As part of these coordination efforts, Plaintiffs' Counsel met with Plaintiffs' Counsel from the other spinal cord stimulator ("SCS") MDLs that are pending in the Northern District of California before the Honorable Haywood S. Gilliam, Jr. (*In Re: Nevro Corporation Spinal Cord Stimulator Products Liability Litigation*, MDL No. 3195) and in the Central District of California

before the Honorable Josephine L. Staton (*In Re: Boston Scientific Corporation Spinal Cord Stimulator Products Liability Litigation*, MDL No. 3181).

Plaintiffs' Counsel also initiated meet and confers with Counsel for Abbott to begin discussions on working together on the substance and timing of the initial organizational, preservation, pleading, and discovery-framework orders needed to move this MDL forward. Plaintiffs' Counsel provided a proposed schedule (outlined below in Section III) for initial case management matters. Additionally, in an effort to work efficiently and expeditiously, Plaintiffs' Counsel sent two (2) routine proposed orders and/or protocols to Abbott, specifically an interim preservation of evidence order and a direct filing and service order.[1]

## II. Nature of Litigation

This is primarily a manufacturing defect case. Plaintiffs were implanted with Abbott spinal cord stimulators that were not built to the FDA-approved specifications. The pulse generator, a core component of the Abbott spinal cord stimulator, is an electronic device that sits in body fluid for years, and its safety depends on hermetic seals that keep moisture away from its sensitive internal circuitry. Abbott designed its spinal cord stimulators to keep moisture out, so any moisture ingress is evidence of a manufacturing defect. Plaintiffs allege that Abbott's manufacturing failures compromised the device's internal and external hermetic seals, including at the header assembly, where the leads connect and where the Bluetooth hardware sits. Once moisture reaches the circuitry, it corrodes the electronics, and the device fails in predictable ways. The device shorts, leaks electrical current, generates excessive heat, drains its battery early, delivers uncontrolled current, and loses communication with its controllers. Plaintiffs also allege that Abbott manufactured spinal cord stimulator devices with Bluetooth Low Energy circuit components

[1] These orders are identified with an asterisk in the proposed schedule in Section III.

shared across Abbott's neurostimulation devices, which cause excess battery drain, device overheating, impedance-check failures, and uncontrolled overstimulation due to a hardware manufacturing issue.

Plaintiffs' injuries are serious and varied. Abbott's defectively manufactured devices caused burns, electric shocks, and loss of therapy at the implant site. The manufacturing defects also led to device and lead failure requiring additional surgery, and uncontrolled current reaching the spinal cord and nerve roots. Plaintiffs also suffered neurologic and autonomic injuries, which often include:

- bladder dysfunction (urinary incontinence or retention);
- bowel dysfunction (fecal incontinence or uncontrollable diarrhea);
- gastroparesis;
- cardiac arrhythmia; and
- paralysis or permanent loss of motor control, including paraplegia, tetraplegia, triplegia, hemiplegia, incomplete spinal cord injury (including Brown-Séquard, central cord, and anterior cord syndromes), and autonomic dysreflexia.

These injuries share a common source: a device that was not built to specification, let moisture reach its circuitry, failed to address hardware malfunctions, and failed in a way that exposed their nerves and organs to damaging surges of electricity and heat it was never designed to deliver.

These defects did not arise in isolation. In 2021, Abbott recalled Assurity and Endurity pacemakers after determining that incomplete epoxy mixing during manufacture let moisture into the pulse generator header and caused electrical shorts. Importantly, Abbott's pacemakers and spinal cord stimulators share the same origin, with St. Jude's own filings referring to their

neurostimulator line as "pacemakers for pain." St. Jude Medical combined its cardiac rhythm and neuromodulation divisions in 2012, and Abbott acquired the business in 2017. Both product lines were built under the same management and the same quality system, with manufacturing operations that overlap, including in Arecibo, Puerto Rico and Sylmar, California. Same company, same foundation, same failure mode: moisture in the header. Plaintiffs offer that history as corroboration. Their claims rest on the devices implanted in them.

Plaintiffs do not challenge the FDA-approved design.[2] They allege that Abbott failed to build the devices to that design and in accordance with the Quality System Regulation, 21 C.F.R. Part 820. Each claim is permitted under *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008). Abbott's own recalls admit to "Process Control" and "Vendor Change Control" failures pointing to manufacturing as the source. The Court will not be asked to second-guess any design decision the FDA approved.

## III. Proposed Schedule

Plaintiffs' Counsel have conferred with Counsel for Abbott on the subjects identified by the Court in CMO 1 for discussion at the initial case management conference. Pursuant to paragraph No. 7 of CMO 1 and Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f), Plaintiffs' Counsel propose the below schedule for the initial case management matters. The proposed schedule is offered as a framework for the Court's consideration and is subject to the Court's guidance at the initial conference.

| Pleading or Order | Proposed Timing of Submission to the Court |
|---|---|
| Motions for Appointment of Leadership | 7 days from Initial Status Conference (**November 19, 2026)** |

[2] Various Plaintiffs in the underlying actions have asserted claims other than those stemming from, or related to, manufacturing defects or conduct associated with manufacturing defects. Plaintiffs are prepared to discuss mechanisms to manage those separate claims.

| | |
|---|---|
| Interim Preservation Order* | 21 days from Initial Status Conference (**December 3, 2026)** |
| Direct Filing & Service Order* | 21 days from Initial Status Conference (**December 3, 2026)** |
| Pathology Preservation & Non-Destruction Testing Protocol | 35 days from Initial Status Conference (**December 17, 2026)** |
| Initial Rule 26(f) Conference | 55 days from Initial Status Conference (**January 6, 2027**) |
| Master Complaint | 60 days from Initial Status Conference (**January 11, 2027**) |
| Protective Order | 70 days from Initial Status Conference (**January 21, 2027**) |
| ESI Protocol | 70 days from Initial Status Conference (**January 21, 2027**) |
| Rule 502(d) / Privilege Logging Order | 70 days from Initial Status Conference (**January 21, 2027**) |
| Motion to Dismiss or Responsive Pleading | 120 days from Initial Status Conference (**March 12, 2027**) |

## IV. Lead Counsel for Plaintiffs

As outlined in CMO 1 (*see* ¶ No. 11), Plaintiffs' Counsel are prepared to discuss the process for appointment of lead counsel, liaison counsel, and steering/executive committee(s). Plaintiffs' Counsel understand that any appointment will be primarily based on the following criteria: (a)

willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; (d) access to sufficient resources to advance the litigation in a timely manner; and (e) diversity. With those criteria in mind, Plaintiffs' Counsel have reached a consensus on a proposed leadership group who embody each of these criteria.

Consistent with Section 10.221 of the Manual for Complex Litigation (Fourth), which CMO 1 directs counsel to review, and with the leadership structures adopted in other complex product liability MDLs, Plaintiffs' Counsel propose the following organizational structure:

**Plaintiffs' Co-Lead Counsel (three):** responsible for determining and presenting Plaintiffs' positions to the Court and Abbott after consultation with the Executive Committee; coordinating discovery consistent with Fed. R. Civ. P. 26; leading or designating counsel for motion briefing and argument; conducting settlement discussions; entering stipulations; delegating work to committees; and monitoring time and expenses under a future common benefit order. Given the anticipated volume of cases, the number of Abbott SCS devices at issue, and the need to coordinate with two parallel SCS MDLs, Plaintiffs believe three Co-Lead Counsel are necessary to share this workload.

**Plaintiffs' Liaison Counsel:** Chicago-based attorneys responsible for administrative functions, including maintaining the service list, receiving and distributing Court orders, serving as the point of contact between the Court and Plaintiffs' leadership, and communicating with all Plaintiffs' counsel.

**Plaintiffs' Executive Committee:** working in consultation and with the direction of Co-Lead Counsel to coordinate and oversee core workstreams, including law and briefing, ESI and discovery, experts, plaintiff vetting and data, and bellwether and trial preparation.

**Plaintiffs' Steering Committee:** working at the direction of Co-Lead Counsel and in coordination with the Executive Committee to perform discrete assignments within the core workstreams, including legal research and briefing support, document review and deposition preparation, expert support, plaintiff fact sheet and records review, and bellwether and trial support. Given the breadth and complexity of the tasks that will be required in this case, a Steering Committee will allow Co-Lead Counsel to assign discrete tasks to its members as efficient and appropriate, broadening participation by counsel with cases in this MDL while avoiding duplication of effort.

**MDL Coordination Liaison Counsel:** responsible for coordinating with Plaintiffs' leadership in *In re Nevro Corporation Spinal Cord Stimulator Products Liability Litigation*, MDL No. 3195, and *In re Boston Scientific Corporation Spinal Cord Stimulator Products Liability Litigation*, MDL No. 3181, so that common issues are addressed efficiently and without duplication, and keeping this Court apprised of significant developments in those proceedings.

Plaintiffs' Counsel respectfully propose that the Court set a short deadline for applications for Co-leadership, open to all counsel who have filed an appearance in an action in this MDL, with any responses due shortly thereafter. Plaintiffs' Counsel supporting the consensus group intend to submit individual applications together with the proposed slate under that process, and the consensus is not intended to foreclose any other attorney from applying.

Dated: November 9, 2026

Respectfully Submitted,

*s/ Christopher L. Ayers*
**Christopher L. Ayers, Esq.** *(General Bar Admission #5168232)*
SBAITI & COMPANY NJ, LLC
100 Mulberry Street
3 Gateway Center, Suite 1102
Newark, New Jersey 07102
P: (973) 954-2000

*s/ Jonathan D. Orent*
**Jonathan D. Orent, Esq.** (*(General Bar Admission #7408)*
MOTLEY RICE LLC
40 Westminster Street, 5th Floor
Providence, Rhode Island 02903
P: (401) 457-7723
E: jorent@motleyrice.com

E: Chris.Ayers@sbaitilaw.com

*s/ Sarah Ruane*
**Sarah Ruane, Esq.** (*Pro Hac Vice Forthcoming*)
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
P: (816) 701-1123
E: sruane@wcllp.com

*s/ Chelsea L. Monroe*
**Chelsea L. Monroe, Esq.** *(General Bar Admission #102636)*
MOTLEY RICE LLC
28 Bridgeside Blvd,
Mount Pleasant, South Carolina 29464
P: (843) 216-9018
E: cmonroe@motleyrice.com

*s/ Edward Wallace*
**Edward Wallace, Esq.** *(General Bar Admission #6230475)*
WALLACE MILLER
200 West Madison Street, Suite 3400
Chicago, IL 60606
T: (312) 589-6272
E: eaw@wallacemiller.com

*s/ Diandra "Fu" Debrosse Zimmerman*
**Diandra "Fu" Debrosse Zimmerman, Esq.** (*Pro Hac Vice Forthcoming*)
DICELLO LEVITT
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (205) 855-5700
E: fu@dicellolevitt.com

*s/ Molly Condon Wells*
**Molly Condon Wells, Esq.** *(General Bar Admission #6320461)*
WALLACE MILLER
200 West Madison Street, Suite 3400
Chicago, IL 60606
T: (773) 505-5579
E: mcw@wallacemiller.com

*s/ Bradley Honnold*
**Bradley Honnold, Esq.** (*Pro Hac Vice Forthcoming*)
GOZA & HONNOLD, LLC
9500 Nall Avenue, #400
Overland Park, KS 66207
T: (913) 451-3433
E: bhonnold@gohonlaw.com

*s/ Jason Goldstein*
**Jason Goldstein, Esq.** (*General Bar Admission #012252011*)
Senior Litigation Counsel
PARKER WAICHMAN, LLP
6 Harbor Park Drive
Port Washington, NY 11050
T: (516) 723-4630
E: jgoldstein@yourlawyer.com

*s/ Ron Austin*
**Ron Austin** (*Pro Hac Vice Forthcoming*)
RON AUSTIN LAW
400 Manhattan Blvd
Harvey, LA 70058
Tel: 504-227-8100
raustin@ronaustinlaw.com

*s/ Robert King, Esq*
**Robert King, Esq.** *(Pro Hac Vice Forthcoming)*
Law Office of Robert King, PLLC
650 Clinton Sq.
Rochester, NY 14604
T: (585) 270-8882

*s/ Trevor B. Rockstad*
**Trevor B. Rockstad** *(General Bar Admission #103614)*
(Member of NDIL General Bar)
trevor.rockstad@daviscrump.com
MS Bar No. 103614
Davis & Crump, P.C.

E: rking@robertkinglawfirm.com

2601 14th Street
Gulfport, MS 39501
Ph: 228-863-6000

*s/ Ashleigh Raso*
**Ashleigh Raso** (MN 0393353) (*Pro Hac Vice* forthcoming)
**Mayna Thor** (MN 0506630) (*Pro Hac Vice* forthcoming)
**Marley Jones** (MN 0506695) (*Pro Hac Vice* forthcoming)
Nigh Goldenberg Raso & Vaughn
800 LaSalle Ave.
Suite 920
Minneapolis, MN 55402
araso@nighgoldenberg.com
mthor@nighgoldenberg.com
Mjones@nighgoldenberg.com
(202) 792-7927

*s/ Amber M. Pang Parra*
**Amber M. Pang Parra** *(Admitted Pro Hac Vice)*
(TX 24009224, HI 7305)
Justinian & Associates PLLC
7042 Alamo Downs Pkwy Ste 370
San Antonio, TX 78238
E: ampp@justinian.com
(855) 452-5529

*s/ David L. Selby, II*
**David L. Selby, II** (*General Bar Admission Forthcoming)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Ste. 905
Birmingham, AL 35244
P: (205) 988-9253
E: dselby@baileyglasser.com

*s/ Katherine E. Charonko*
**Katherine E. Charonko** *(General Bar Admission - WV 11647)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
P: (304) 345-6555
E: kcharonko@baileyglasser.com

*s/ Rachel Klena*
**Rachel Klena** (*General Bar Admission Forthcoming)*
BAILEY & GLASSER, LLP
950 West Bannock Street, Ste. 950
Boise, ID 83702
P: (208) 342-4411
E: rklena@baileyglasser.com

*s/ Brian J. McAllister*
**Brian J. McAllister** (*General Bar Admission Forthcoming)*
BAILEY & GLASSER, LLP
94 Long Street
Westover, WV 26501
P: (304) 594-0087
E: bmcallister@baileyglasser.com

*s/ Dena Young, Esq.*
**Dena Young, Esq.** (*Pro Hac Vice forthcoming*)
SPOTLIGHT JUSTICE PLLC
200 Barr-Harbor Drive, Suite 400
Conshohocken, PA. 19428
P: (267) 281-7357
E: dena@spotlightjustice.com

*/s/ Carasusana B. Wall*
**Carasusana B. Wall** (*General Bar Admission #0090234)*
(OH0090234)
BULLOCK LEGAL GROUP, LLC

*s/ Adam M. Evans*
**Adam M. Evans** *(Pro Hac Vice forthcoming)*
The Carlson Law Firm
100 E Central Texas Expressway

One Seagate, 550 N Summit Ste. 710
Toledo, OH 43604
(833) 853-4258
(470) 412-6708 (facsimile)
Cara@bullocklegalgroup.com
efilings@bullocklegalgroup.com

Killeen, TX 76541
254-526-5688
Email: aevans@carlsonattorneys.com